## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS (CHICAGO)

ELENA FEDOROVA,                                   CASE NO. 1:22-cv-03486
            Plaintiff,

                                  Judge Sharon Johnson Coleman

          v.

BANK OF AMERICA, N.A.; BRIAN
MOYNIHAN, CHAIR OF THE BOARD AND
CEO; DISCOVER; DISCOVER BANK; DISCOVER
FINANCIAL SERVICES; ROGER C. HOCHSCHILD,
PRESIDENT AND CEO; DOE 1-10 INVESTMENT
BANKS AND HEDGE FUNDS; DOE 1-100 FINTECH
COMPANIES; BLITT & GAINES, P.C.; FRED N. BLITT,
MANAGING PARTNER; JAN B. GAINES, MANAGING
PARTNER; DAVID OLEFSKY, PARTNER AND CEO;
BARBARA NILSEN, PARTNER AND CCO; MICHAEL
STARZEC, PARTNER; MARK BERNACEA, ASSOCIATE;
KRISTINE GEORGE, ASSOICATE; MICAHEL WOLF,
ASSOCIATE; INNOVIS, CREDIT REPORTING BUREAU;
EXPERIAN, CREDIT REPORT BUREAU; TRANSUNION,
CREDIT REPORTING BUREAU; EQUIFAX, CREDIT
REPORTING; THE CONSUMER FINANCIAL PROTECTION
AGENCY; THE SECURITIES AND EXCHANGE COMMISSION;
THE FEDERAL DEPOSIT INSURANCE CORPORATION;
THE FEDERAL TRADE COMISSION; and ILLINOIS ATTORNEY
REGISRATION & DISCIPLINARY COMMISSION;
                    Defendants.

## DEFENDANT TRANS UNION, LLC'S MEMORANDUM
## IN SUPPORT OF ITS MOTION TO DISMISS

Defendant consumer reporting agency Trans Union, LLC ("Trans Union") hereby submits

its Memorandum In Support Of Its Motion To Dismiss (the "Motion").

The Motion should be granted in this alleged Fair Credit Reporting Act case where *pro se*

Plaintiff falsely claims that Trans Union conspired with co-Defendant creditors to commit "virtual

slavery" when it reported "unverified information furnished to them by electronically signed

methods," and without providing Plaintiff "basic documents or wet-ink signed Affidavits with the full name of [*sic*] financial officer" in response to her dispute letters because:

      A.    Case law holds that a showing of an inaccuracy is an essential prima facie element of a claim under the FCRA, and Plaintiff has failed to allege what information Trans Union reported much less how it was inaccurate;

      B.    Case law holds that Plaintiff's argument that she is not legally required to repay her credit cards (based on her apparent mistaken belief that "virtual debts require no payment") is an impermissible collateral attack on the legal validity of her credit card debts, which Trans Union is neither qualified nor required to resolve under the FCRA;

      C.    Case law holds that even if Plaintiff had identified an inaccuracy in Trans Union's reporting, Trans Union is not required to obtain and provide Plaintiff with "basic documents" or "wet ink signatures" when performing a reasonable investigation to verify the accuracy of information it reports; and

      D.    Case law holds Plaintiff's claims should be dismissed with prejudice because amendment would be futile since the facts would not change and there is no way that Plaintiff could manipulate the facts to state a claim under the FCRA.

## I.    <u>INTRODUCTION</u>

Although Plaintiff's 159-paragraph Complaint is very difficult to decipher, Plaintiff appears to allege that the 26 named Defendants and additional undisclosed third parties acted in a conspiracy to defraud her. <u>See</u> Complaint ¶ 3. Specifically, Plaintiff claims that her information was "securitized and sold to third parties on [*sic*] indefinite basis, thus resulting in unconscionable profits," resulting in Plaintiff's "virtual slavery" to perform "unpaid services" to "unjustly enrich undisclosed to her parties," and return "revenue masqueraded as 'repayment of debt,'" whatever

that means. Id. As best that Trans Union can tell, Plaintiff appears to believe that her credit card debts should not require repayment because "[r]eal debts need to be paid. Virtual debts require no payment," therefore Plaintiff is only "willing to pay" if the "alleged 'loan' exists on books and records of the claimants . . . with a certified copy of [sic] accounting Ledger from BANA and Discover financial officers, with wet-signatures, along with Sworn Affidavits." See Complaint ¶ 8.

Specifically, as it relates to Trans Union, Plaintiff vaguely claims that Trans Union violated the Fair Credit Reporting Act ("FCRA") by reporting "unverified information furnished to them by electronically signed methods" and by "refusing to conduct even minimal investigation and obtain basic documents or wet-ink signed Affidavits with the full name of [sic] financial officer" verifying Plaintiff's alleged debt. See Complaint ¶ 128. Plaintiff further claims that Trans Union violated the FCRA because Trans Union "must provide Fedorova verified information," or remove the information "since the alleged 'loan accounts' has [sic] been eliminated by Wall Street investment banking strategies." Id. However, Plaintiff's Complaint does not identify what "unverified information" she believes is inaccurate. See generally id.

## II.   STANDARD OF REVIEW

To survive dismissal, a plaintiff must put forward cognizable factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). A complaint will be dismissed where it fails to plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (emphasis added). Thus, Plaintiff must include enough facts to move "[her] claims across the line from conceivable to plausible." Twombly at 570.

Moreover, "[a] plaintiff must provide 'more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.'" Id at 555.

To determine whether a claim has crossed "the line from conceivable to plausible," the Court must employ a "context-specific inquiry," drawing on the court's "experience and common sense." Iqbal at 662. This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal at 678. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief." Iqbal, 556 at 679 (internal quotations and citations omitted).

Although pro se complaints are entitled to a less stringent standard and a more liberal interpretation, Courts are not required to overlook a pro se plaintiff's complaint that does not provide any factual basis for her claims. See Morgan v. Centers for New Horizons, Inc., 2004 WL 524441, *3 (N.D. Ill. Mar. 15, 2004) (granting defendant's motion to dismiss pro se plaintiff's complaint because even under the "relaxed standards governing pro se pleadings," plaintiff failed to provide a basis for a claim against the defendant); see also; McCormick v. City of Chicago, 230 F.3d 319, 325 (7th Cir. 2000). Furthermore, "the court is not required to accept inferences drawn by the pro se plaintiff if such inferences are unsupported by facts set forth in the complaint, nor is it required to accept legal conclusions cast in the form of factual allegations." Radivojevic v. Granville Terrace Mut Ownership Trust, 2000 WL 1433999, *2 (N.D. Ill. Sept. 27, 2000) (granting defendants' motion dismiss because pro se plaintiff failed to set forth any facts to show why his claim should survive defendants' motion to dismiss).

III.    **ARGUMENT**

    A. **Case Law Holds That A Showing Of An Inaccuracy Is An Essential Prima Facie Element Of A Claim Under The FCRA, And Plaintiff Has Failed To Allege What Information Trans Union Reported Much Less How It Was Inaccurate.**

To prevail on a reporting procedures or a reasonable reinvestigation procedures claim under the FCRA, the Plaintiff must first demonstrate an inaccuracy in Trans Union's reporting. See Henson v. CSC Credit Services, 29 F.3d 280, 284 (7th Cir. 1994) ("In order to state a claim under 15 U.S.C. § 1681e(b), a consumer must sufficient allege that a credit reporting agency prepared a report containing inaccurate information.") (internal quotations omitted); Handrock v. Ocwen Loan Servicing, LLC, 216 F. Supp.3d 869, 873 (N.D. Il. Nov. 1, 2016) ("To state a claim under either § 1681e(b) or § 1681i, Plaintiffs must allege that their credit reports contained inaccurate information.") (citing Henson v. CSC Credit Servs., 29 F.3d 280, 284 (7th Cir. 1994)).

Moreover, case law makes it clear that Trans Union "is not automatically liable even if the consumer proves that it prepared an inaccurate credit report because the FCRA 'does not make reporting agencies strictly liable for all inaccuracies.'" See Sarver v. Experian Information Solutions, 390 F.3d 969, 971 (7th Cir. 2004). Further, case law has held that Trans Union "is not liable under the FCRA if it followed 'reasonable procedures to assume maximum possible accuracy,' but nonetheless reported inaccurate information in the consumer's credit report." Id.

Here, Plaintiff does not allege what information Trans Union reported, how it was inaccurate or that any such inaccuracies resulted from a failure to maintain reasonable procedures. See Complaint ¶¶ 124, 125 & 128. Plaintiff simply claims that she "submitted disputes" demanding Trans Union to "provide her proof of accuracy of reported information" and without such proof, Trans Union reported "unverified information." Id. Plaintiff only vaguely alleges Trans Union violated the FCRA when it "refused to remove unverified records from Fedorova's credit report."

See Complaint ¶ 128. Plaintiff alleges that Trans Union did not perform a "minimal investigation and obtain basic documents or wet-ink signed Affidavits" but instead "accepted unverified information furnished to them by electronically signed methods." Id.

However, these allegations cannot provide the basis for a reasonable reporting or a reasonable reinvestigation claim because, as discussed above, Plaintiff has failed to allege any inaccuracy in Trans Union's reporting. At best, Plaintiff simply voices her disagreement with Trans Union's reinvestigation verification methods allegedly as "electronically signed methods," versus those requested by Plaintiff to be "basic documents or wet-ink signed Affidavits." Id. Therefore, because Plaintiff's Complaint fails to set forth any required alleged inaccuracies in Trans Union's reporting, her claims against Trans Union fail in their entirety.

**B. Case Law Holds That Plaintiff's Argument That She Is Not Legally Required To Repay Her Credit Card (Based On Her Apparent Belief That "Virtual Debts Require No Payment") Is An Impermissible Collateral Attack On The Legal Validity Of Her Credit Card Debts, Which Trans Union Is Neither Qualified Nor Required To Resolve Under The FCRA.**

To the extent Plaintiff argues that her credit card debts should not legally require repayment because "[r]eal debts need to be paid" and "[v]irtual debts require no payment," case law makes clear that such purported attacks against the legal validity of consumer debts cannot form the basis of a claim against Trans Union. See Chuluunbat v. Experian Info. Sols., Inc., 4 F.4th 562, 567 (7th Cir. 2021); Denan v. Trans Union LLC, 959 F.3d 290, 296 (7th Cir. 2020); Humphrey v. Trans Union LLC, 759 F. App'x. 484, 488 (7th Cir. 2019); Johnson v. Trans Union, LLC, No. 10 C 6960, 2012 WL 983793, at *7 (N.D. Ill. Mar. 22, 2012), aff'd, 524 F. App'x. 268 (7th Cir. 2013); Benson v. Trans Union, LLC, 387 F. Supp. 2d 834, 842 (N.D. Ill. 2005); Gaudreau v. Trans Union, No. 00 C 50356, 2001 WL 936122, at *2 (N.D. Ill. Aug. 17, 2001); Zahran v. Transunion Corp., No. CIV. 01C1700, 2003 WL 1733561, at *5 (N.D. Ill. Mar. 31, 2003); Sobenes v. TransUnion Data

Sols., No. 19-CV-7114, 2021 WL 214640, at *3 (N.D. Ill. Jan. 21, 2021); Hupfauer v. Citibank, N.A., No. 16 C 475, 2016 WL 4506798, at *7 (N.D. Ill. Aug. 19, 2016); Molton v. Experian Info. Sols., Inc., No. 02 C 7972, 2004 WL 161494, at *6 (N.D. Ill. Jan. 21, 2004); Juarez v. Experian Info. Sols., Inc., No. 19 C 7705, 2020 WL 5201798, at *4 (N.D. Ill. Aug. 31, 2020).

  **C. Case Law Holds That Even If Plaintiff Had Identified An Inaccuracy In Trans Union's Reporting, Trans Union Is Not Required To Obtain And Provide Plaintiff With "Basic Documents" or "Wet Ink Signatures" When Performing A Reasonable Investigation To Verify The Accuracy Of Information It Reports.**

  Even if Plaintiff did allege an actionable factual inaccuracy in Trans Union' reporting – which she has not – she cannot demonstrate that Trans Union's reinvestigations of her disputes were unreasonable. The entire basis of Plaintiff's belief that Trans Union's verifications were not reasonable is that Trans Union should have obtained "basic documents or wet-ink signed Affidavits with the full name of [sic] financial officer from whom [Trans Union] receive [sic] information about Fedorova's alleged 'debt.'" See Complaint ¶ 128.

  However, case law holds that there is no requirement in the FCRA that Trans Union is required to obtain or provide the consumer with any documents regarding the inner workings of their investigations, much less wet ink, certified, or original signed contracts. See 15 U.S.C § 1681i; see also, e.g., Whiteford v. Equifax, Inc., Case No. 2:21-cv-00094-WSS (W.D. Penn. Aug. 18, 2021) (granting Defendants' motion for judgment on the pleadings and holding, "CRAs are not responsible for maintaining or presenting original copies of 'contracts' for the accounts they report"); Butler v. Equifax Info. Servs. LLC, No. 3:17-cv-422, 2018 WL 5986534 (N.D. Fla. 2018) ("[the FCRA] does not mandate that Experian… obtain and provide plaintiff with the original loan documents he signed"), adopted in full by 2018 WL 5981841, (N.D. Fla. Nov. 14, 2018); Watkins v. Experian Info. Solutions, Inc., No. 6:13-CV-00239-WSS-JCM, 2014 WL 12879669, at *8-9 (W.D. Tex. Sept. 8, 2014) (holding that the FCRA does not require consumer reporting agencies

to obtain and/or disclose original loan documents); <u>Jackson v. Warning</u>, No. PJM 15-1233, 2016 WL 7228866, at *9 (D. Md. Dec. 13, 2016) (same); <u>Brill v. Trans Union, LLC</u>, 838 F.3d 919, 921 (7th Cir. 2016) (holding Trans Union had no duty to conduct handwriting analysis on underlying lease between the plaintiff and creditor). Therefore, if Plaintiff did allege an actionable factual inaccuracy in Trans Union' reporting, Plaintiff still has not and cannot establish the basis for her purported reasonable reinvestigation claim because such verification methods are simply not required under the FCRA (or any other law for that matter).

### D. Case Law Holds Plaintiff's Claims Should Be Dismissed With Prejudice Because Amendment Would Be Futile Since The Facts Would Not Change And There Is No Way That Plaintiff Could Manipulate The Facts To State A Claim Under The FCRA.

The decision to allow leave to amend a complaint is, of course, committed to the sound discretion of the District Court. <u>See</u> <u>Gonzalez-Koeneke v. West</u>, 791 F.3d 801, 807 (7th Cir. 2015). However, while leave to amend under Federal Rule of Civil Procedure 15 should be freely given, "District Courts may refuse to entertain a proposed amendment on futility grounds when the new pleading would not survive a motion to dismiss." <u>Gandhi v. Sitara Capital Mgmt., LLC</u>, 721 F.3d 865, 869 (7th Cir. 2013).

Here, Plaintiff's Complaint should be dismissed with prejudice and without leave to amend because there is no way that Plaintiff could manipulate the facts to state a claim under the FCRA. As discussed above, Plaintiff's concern with Trans Union's reporting is that Trans Union should provide her with all of the supporting documents for its investigation, including a requirement for obtaining and disclosing supporting documents not required by the FCRA, such as "basic documents" and wet-ink signed affidavits. Plaintiff does not appear to allege any inaccurate information, much less allege how the information is inaccurate, such as an incorrect balance or

incorrect payment history, but instead only wants supporting documents and believes that her credit report is "unverified" if such supporting documents are not received. See Complaint ¶ 128.

Even if she could amend to attempt to assert an inaccuracy, the alleged basis for any such inaccuracy is an unactionable legal dispute regarding her apparent false belief that she does not have to repay her credit card debts because her creditors have engaged in some fanciful scheme to defraud her from unpaid wages earned by Plaintiff's alleged involuntary service to them by borrowing money. Therefore, the Complaint should be dismissed with prejudice and without leave to amend.

## IV. <u>CONCLUSION</u>

For all the foregoing reasons, Trans Union respectfully requests that the Court grant Trans Union's Motion, dismiss Plaintiff's Complaint against Trans Union in its entirety, with prejudice, and award Trans Union its fees and costs incurred in defending this action, including reasonable attorneys' fees, along with such other relief as the Court deems equitable and just.

Respectfully submitted,


_s/ Scott E. Brady_
Scott E. Brady, Esq. (IL #3053449)
Schuckit & Associates, P.C.
4545 Northwestern Drive
Zionsville, IN  46077
Telephone:  317-363-2400, Ext. 106
Fax:  317-363-2257
E-Mail:  sbrady@schuckitlaw.com

_Lead Counsel for Defendant Trans Union, LLC
(improperly identified as Transunion, Credit
Reporting Bureau)_

Laura K. Rang, Esq. (IL #2623849)
TransUnion, LLC
555 West Adams Street
Chicago, IL  60661
Phone:  (312) 213-9858
Fax:  (312) 466-7986
E-Mail:  laura.rang@transunion.com

*Local Counsel for Defendant Trans Union, LLC (improperly identified as Transunion, Credit Reporting Bureau)*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing has been filed electronically on the **29th day of July, 2022**. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's electronic filing.

| AUSA<br>Usailn.ecfausa@usdoj.gov | Adam T. Hill, Esq.<br>ahill@seyfarth.com |
|---|---|

The undersigned further certifies that a true copy of the foregoing was served on the following parties via First Class, U.S. Mail, postage prepaid, on the **29th day of July, 2022** properly addressed as follows:

| **Pro Se Plaintiff**<br>Elena Fedorova<br>175 North Harbor Drive<br>Chicago, IL 60601<br>Summer.chicago3@yahoo.com | |
|---|---|

*s/ Scott E. Brady*
Scott E. Brady, Esq. (IL #3053449)
Schuckit & Associates, P.C.
4545 Northwestern Drive
Zionsville, IN 46077
Telephone: 317-363-2400, Ext. 106
Fax: 317-363-2257
E-Mail: sbrady@schuckitlaw.com

*Lead Counsel for Defendant Trans Union, LLC (improperly identified as Transunion, Credit Reporting Bureau)*