UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ELENA FEDOROVA, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 22-cv-3486 |
| | ) | |
| v. | ) | Judge Sharon Johnson Coleman |
| | ) | |
| BANK OF AMERICA, N.A. et al, | ) | |
| | ) | |
| Defendants. | ) | |

MEMORANDUM OPINION AND ORDER

Plaintiff Elena Fedorova ("Fedorova") brings this action against defendants Illinois Attorney Registration & Disciplinary Commission ("ARDC"), Trans Union, LLC ("Trans Union"), Equifax, Innovis, and others. Before the Court are defendants' motions to dismiss [9, 21] pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). For the following reason, the Court grants both motions. Upon further review of the complaint under 28 U.S.C. § 1915(e)(2)(B), the Court determines that Fedorova fails to state a claim against the remaining defendants. Civil case terminated.

BACKGROUND

In her 159-paragraph complaint, Fedorova lists her grievances against Bank of America, N.A. ("Bank of America"), Discover Bank ("Discover") (collectively "the banks"), and twenty-three other defendants for various claims concerning credit cards opened under Fedorova's name and attempts to collect on debt incurred through those lines of credit. First, Fedorova alleges that the issuance of the credit cards was unlawful because she was "fraudulently induced into a force-placed securitization scheme[.]" (Dkt. 1 ¶ 45.) Fedorova also contends that credit reporting agencies ("CRAs") published unverified reports regarding the debts at issue.

Next, law firms representing the banks initiated court proceedings in an attempt to collect on money allegedly owed to the banks. Fedorova alleges that individual attorneys working for the banks acted improperly by filing frivolous collections cases against her and forging documents. Fedorova requests the Court compel the ARDC to, among other things, investigate and initiate disciplinary action against the attorneys hired to represent Bank of America and Discover.

## LEGAL STANDARD

Pursuant to Rule 12(b)(1), a court must dismiss any action for which it lacks subject matter jurisdiction. Article III of the Constitution limits the federal courts to adjudicating actual "cases" or "controversies." U.S. Const. art. III, § 2, cl. 1. "There is no case or controversy if the plaintiff lacks standing to challenge the defendant's alleged misconduct." *Diedrich v. Ocwen Loan Servicing, LLC*, 839 F.3d 583, 587 (7th Cir. 2016). To establish Article III standing, a plaintiff must allege: (1) an injury in fact; (2) that is fairly traceable to the defendant's actions; and (3) that is like to be redressed by a favorable decision from the Court. *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338, 136 S. Ct. 1540, 194 L.Ed.2d 635 (2016) (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61, 112 S. Ct. 2130, 119 L. Ed. 2d 351 (1992)). The party invoking jurisdiction bears the burden of establishing the elements necessary for subject matter jurisdiction. *Taylor v. McCament*, 875 F.3d 849, 853 (7th Cir. 2017).

A motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim tests the sufficiency of the complaint, not its merits. *Skinner v. Switzer*, 562 U.S. 521, 529, 131 S. Ct. 1289, 179 L. Ed. 2d 233 (2011). When considering dismissal of a complaint, the Court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in favor of the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007) (per curiam). To survive a motion to dismiss, a plaintiff must "state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). A complaint is facially

plausible when the plaintiff alleges "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009).

## DISCUSSION

First, the ARDC moves to dismiss Fedorova's claims for lack of standing because Fedorova has no legally protected interest at stake. *See Hero v. Lake Cnty. Election Bd.*, 42 F.4th 768, 772 (7th Cir. 2022) (standing requires a concrete and particularized injury that is traceable to defendant's conduct and redressable by the courts). Fedorova contends that she was harmed by ARDC's failure to investigate the attorneys who initiated the collection proceedings against her because, had the ARDC acted, there "would be no frivolous legal actions against Fedorova; and she would not be forced to litigate baseless claims for two years in the State Court…" (Dkt. 33, at 8.)

The ARDC's alleged failure to investigate an attorney does not constitute a personal injury to a legally protectable interest. *See Aku v. Chicago Bd. of Educ.*, 290 F. Supp. 3d 852, 864 (N.D. Ill. 2017) (Lee, J.) (finding no personal injury to sustain standing in plaintiff's claims against the ARDC where plaintiff "only asserted that the ARDC has not pursued disciplinary action against certain attorneys"). In addition, as an arm of the Illinois Supreme Court, claims against the ARDC are barred by sovereign immunity. *Id.* at 864. The Eleventh Amendment bars suits brought against a branch of the state government, such as the Illinois Supreme Court. Therefore, the ARDC is also protected from federal suit. *See id.* (citing *Landers Seed Co. v. Champaign Nat'l Bank*, 15 F.36d 729, 731–32 (7th Cir. 1994)). As a result, Fedorova's claims against the ARDC must be dismissed for lack of standing and because her claims are barred by sovereign immunity.

Next, Trans Union (joined by Equifax and Innovis) moves to dismiss Fedorova's complaint for failure to state a claim. Fedorova alleges that the CRAs reported inaccurate information on her

3

credit report in violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681e *et seq*. Specifically, she states that Trans Union, Innovis, Experian, and Equifax "accepted unverified information furnished to them by electronically signed methods, without ANY supporting documentation which can prove existence [sic], ownership and status of alleged [sic] debt." (Dkt. 1, at 39.) Construing her complaint liberally, Fedorova seems to allege that the CRAs should not have listed her outstanding credit card debt on her credit file because, according to her, those debts were not legally valid.

The FCRA is not a strict liability statute. *See Sarver v. Experian Info. Sols., Inc.*, 390 F.3d 969, 971 (7th Cir. 2004) (citing *Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994)). CRAs must merely "'follow reasonable procedures to assure maximum possible accuracy of' information in credit reports." *Chuluunbat v. Experian Info. Sols. Inc.*, 4 F.4th 562, 566 (7th Cir. 2021) (quoting 15 U.S.C. § 1681e(b)). They are not required to make legal judgments as to the validity of a debt. *Id.* at 569. Therefore, the CRAs cannot be held liable for any misreporting of Fedorova's debt because the alleged inaccuracy would require the CRAs to interpret the legal rights to the debt and make a legal judgment, which they are not obligated to do. *Id.* As a result, Fedorova's claims against Trans Union, Equifax, Innovis, and Experian fail. Because amendment of her complaint as to her claims against the CRAs would be futile, Fedorova's motion for leave to amend her complaint is denied.

Though the remaining named defendants have not yet appeared in the case, the Court reviews Fedorova's claims against them to determine whether the action fails to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(i)–(iii); *see also Jones v. Bock,* 549 U.S. 199, 214, 127 S. Ct. 910, 166 L. Ed. 2d 798 (2007) (grounds for sua sponte dismissal set forth in 28 U.S.C. § 1915(e)(2)(B)). In sum, Fedorova's remaining claims attack the validity of her credit card accounts with Bank of America and Discover. Fedorova asserts that she did not sign up for a loan

or an extension of credit but rather was "fraudulently induced into a force-placed securitization scheme[.]" (Dkt. 1 ¶ 45.) Fedorova states that she became aware of this type of scheme through the complaint filed in *Willard v. Bank of America*, 16-cv-01199 (E.D. Penn.). In that case, the plaintiff alleged that through credit card securitization, Bank of America relinquished its interest in plaintiff's credit card debt and therefore gave up its rights to collect on plaintiff's defaulted debts. The district court in Pennsylvania dismissed plaintiff's claims and rejected her argument that Bank of America lost interest in the credit card account through securitization, holding that "every time this argument has arisen across the country, it has been rejected." *Willard v. Bank of Am.*, 204 F. Supp. 3d 829, 833 (E.D. Penn. 2016); *see also id.* at 833 n.4 (compiling cases in which courts have held that securitization does not affect the relationship between the debtor and the creditor). Fedorova's claims are similarly based on this untenable premise and cannot go forward. Because amendment would be futile for the reasons stated, Fedorova's motion for leave to amend her complaint is denied.

**Conclusion**

For the foregoing reasons, the Court grants defendants' motions to dismiss. Fedorova's claims against the ARDC are dismissed for lack of subject matter jurisdiction. The remaining claims are dismissed with prejudice for failure to state a claim.

DATED: 3/28/2023

SHARON JOHNSON COLEMAN
United States District Court Judge